UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ARELIS REVE QUIALA
AS NEXT FRIEND OF
JOSE ANTONIO RODRIGUEZ REVE,          Case No. 1:26-cv-1817

            Petitioner,          Honorable Robert J. Jonker

v.

UNKNOWN PARTY #1 et al.,

            Respondents.
_____/

## OPINION

Arelis Reven Quiala initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of Jose Antonio Rodriguez Reve (Petitioner), a United States Immigration and Customs Enforcement (ICE) detainee. (Pet., ECF No. 1.) The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. For the following reasons, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I.    Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the

requirements of due process. (Pet., ECF No. 1, PageID.5.) In an order entered on June 15, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on June 15, 2026. (ECF No. 5.)

## II.    Factual Background

Petitioner is a native and citizen of Cuba. (Pet., ECF No. 1, PageID.1.) Petitioner entered the United States in 2021 and has remained in the United States since that time. (*Id*.) In April of 2026, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (*Id.*, PageID.2–3.) Petitioner was removed from the United States on May 13, 2026. (Resp., ECF No. 5, PageID.39); *see also* ICE Detainee Locator, https://locator.ice.gov/odls/#/search ("A-Number" enter 220349351, "Country of Birth" enter Cuba, select "Search by A-Number) (last visited Jun. 18, 2026) (indicating that Petitioner is not in ICE custody).

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Analysis

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondents to release Petitioner from custody. After initiating this action, Petitioner was removed from the United States and is no longer in Respondents' custody.

Because the relief sought in Petitioner's § 2241 petition relates to his detention, and he is no longer detained by Respondents, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    June 19, 2026                              /s/ Robert J. Jonker
                                                    Robert J. Jonker
                                                    United States District Judge